998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
THOMAS S., by his guardian ad litem, Joyce M. Brooks;
Jeanette H.; Todd C.; Phillip B.; Margaret R., by her
guardian ad litem, Curtis Venable, on behalf of themselves
and all others similarly situated, Plaintiffs-Appellees,
v.
David T. FLAHERTY, Secretary, North Carolina Department of
Human Resources, Defendant-Appellant,
and
Allen CHILDRESS, in his official capacity as guardian for
plaintiff Thomas S.; Benjamin Carpenter, Director of the
County Department of Social Services; James Melton,
Director of Gaston-Lincoln Area Mental Health Program;
Gaston County Commissioners, to wit: Harley B. Gaston, Jr.,
David Beam, David Hollifield, James Forrester, Dean
Carpenter, Robert Heavner, Porter McAteet, Defendants.
 No. 93-1018.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 10, 1993.
Decided: July 15, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge.
 ARGUED: Jane Leigh Oliver, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellant.
 Roger Todd Manus, CAROLINA LEGAL ASSISTANCE, Raleigh, North Carolina, for Appellees.
 ON BRIEF: Michael F. Easley, Attorney General for North Carolina, Michelle B. McPherson, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellant.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This case arises from class-action litigation in which the North Carolina Department of Human Resources was earlier found to have deprived mentally retarded adults in its care of their constitutional rights to safe conditions of confinement, freedom from undue restraint, and minimally adequate treatment. Thomas S. v. Flaherty, 902 F.2d 250 (4th Cir. 1986). The Department now appeals the district court's order holding that one A.P. was "treated as mentally retarded" and therefore a member of the class eligible for relief.
 
 
 2
 A.P. is a deaf man, 27 years old, with limited sign communication skills. A.P. is not mentally retarded, but he has only borderline intelligence and he suffers from a variety of emotional problems. He has been confined to state custody in Broughton State Psychiatric Hospital on a number of separate occasions since 1984. The district court found that on two of those occasions, in 1984 and again in 1985, A.P. was involuntarily committed on the basis of separate diagnoses of mental retardation and accompanying behavioral disorders. These misdiagnoses were provided to the state courts to justify A.P.'s involuntary commitment on the first occasion and possibly the second. The diagnoses were later corrected each time, and A.P. was not clinically treated as being mentally retarded, but the Broughton staff did not bring the misdiagnoses to the attention of the state courts that committed A.P..
 
 
 3
 Plaintiffs moved to have A.P. included in the class. The district court defined as a class member "someone who is: 1) over the age of 18; 2) has been confined to a State mental hospital at any time since March 22, 1984; and 3) is 'mentally retarded or[has] been treated as mentally retarded.' Thomas S. v. Flaherty, 699 F. Supp. 1178, 1182 (W.D.N.C. 1988)." The Special Master appointed by the district court to resolve disputes over class membership determined that A.P. had been "treated as mentally retarded" because he had been misdiagnosed as such and involuntarily committed on that basis. The district court reviewed the findings of the Special Master and affirmed the determination that A.P. had been treated as mentally retarded.
 
 
 4
 The Department contends that the district court erred in finding that A.P. was treated as mentally retarded. According to the Department, the diagnoses of A.P. that led to his involuntary commitment were merely tentative and he was never placed in the mental retardation unit at Broughton. The Department argues that A.P. was never clinically treated as being mentally retarded and consequently that he cannot be a class member.
 
 
 5
 We disagree. The district court has discretion to manage classaction proceedings before it, and in particular it has discretion in interpreting its own prior orders defining the extent of the class. As long as the interpretation is a reasonable one, we will not disturb it on appeal. Given that the defendants twice diagnosed A.P. as mentally retarded for the purposes of involuntarily committing him, the district court's interpretation of its own prior order is not an unreasonable one. While the Department would have the third criterion for class membership read "treated clinically as mentally retarded," we do not think the district court was obliged to amend or interpret the criterion in this fashion.
 
 The judgment of the district court is
 
 6
 AFFIRMED.